JORDAN SPENCER & als. *versus* ABIGAIL GARLAND.

The discharge of a poor debtor from arrest or imprisonment by giving a bond according to the provisions of St. 1835, c. 195, § 8, is not a satisfaction of the judgment, and does not impair the rights of the creditor to obtain satisfaction out of any property or estate of the debtor not exempted by law.

The bond is only a substitute for the detention of the body, and not a satisfaction of the judgment.

THIS was debt on a judgment, and the right of the plaintiff to recover was submitted to the Court on the following statement of facts.

It was admitted that the judgment declared on had been duly recovered; and that the defendant had been arrested on an execution upon said judgment, and been discharged from arrest and imprisonment by giving the bond required by the statute for the relief of poor debtors, with the conditions of which he had neglected to comply.

If upon the above facts this action can be maintained, the defendant is to be defaulted; if not, the plaintiffs are to be nonsuit.

*N. Wilson,* for the plaintiffs.

*I. Washburn,* for the defendant.

The opinion of the Court was by

SHEPLEY J. — The act of 1835, c. 195, for the relief of poor debtors, authorized their discharge from arrest or imprisonment on execution by their giving a bond according to the

provisions of the eighth section, or when the creditor neglected to advance the money or give the security required by the fifteenth section. A voluntary discharge by the creditor or officer might operate as a satisfaction of the judgment, but not one made by an officer in obedience to law. The twelfth section however, to remove all doubt, provided, that the discharge of the debtor should not in such cases impair the rights of the creditor to obtain satisfaction out of any property or estate of the debtor not exempted by law. The bond is only a substitute for the detention of the body; and was not intended to be a satisfaction of the judgment. It only changes the form of the remedy. If satisfaction be obtained by an action upon it, the judgment will also be satisfied as well as the bond, which is collateral to it. If the bond has in this case been forfeited, it does not appear, that more than one year had not elapsed after the forfeiture before the commencement of this suit; and after that time no suit could be brought upon the bond. And if this action cannot be maintained the effect will be, that the defendants by giving a bond and neglecting to perform the condition without any payment extinguish the judgment, and deprive the plaintiffs of the right to collect the debt. The statute for the relief of poor debtors cannot receive such a construction.

*Exceptions overruled.*